**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMILY SLEEP SERVICES, LLC; <br><br> Plaintiff, <br><br> vs. <br><br> JAIME L. DOLPHIN <br><br> Defendant. | Civil Action No. 1:21-cv-01851(LGS) <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

**THIS MATTER** (the "Civil Action") having been commenced by plaintiff FAMILY SLEEP SERVICES LLC ("Plaintiff" or "FSS") by filing a complaint on July 22, 2020 against JAIME L. DOLPHIN d/b/a NEW FAMILY SLEEP SOLUTIONS LLC ("Defendant" or "Dolphin");

Defendant has agreed and acknowledged service for the purposes of consenting to jurisdiction and enforcement by this Court;

Plaintiff and Defendant having consulted independent legal counsel in connection with this Civil Action; and

Plaintiff and Defendant having agreed to the entry of this Consent Judgment and Permanent Injunction (the "Consent Judgment");

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, and ORDERED AND ADJUDGED, and made effective as of this 18th day of May, 2021, ___ ("Effective Date") as follows:

1. The Court has personal jurisdiction over each of the parties to this action. The Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1338 over the

5. Defendant has infringed the trademark of Plaintiff in FAMILY SLEEP including in the FAMILY SLEEP MARKS by using FAMILY SLEEP in Defendant's marketing materials and social media to promote Defendant's sleep consulting services including marketing services under NEW FAMILY SLEEP.

6. Defendant unknowingly engaged in cyberpiracy by registering/trafficking in the domain newfamilysleep.com with the intent to profit from said domain. However, when Plaintiff notified Defendant of the cyberpiracy, Defendant refused to cease such activity or comply with Plaintiff's request to cease.

7. Defendant including their respective parents, subsidiaries, affiliates, officers, agents, servants, employees, and those persons in active concert or participation with them are, to the fullest extent permitted by the Lanham Act and 15 USC §§1116, enjoined and prohibited from using FAMILY SLEEP and from infringing Plaintiff's FAMILY SLEEP MARKS and shall remove the same from all of its websites, marketing materials and social media.

8. Defendant shall not make any comparative advertising to Plaintiff or to FAMILY SLEEP or to any consultant certified by Plaintiff and Defendant shall not use FAMILY and SLEEP together in any keyword, meta tag or paid search term.

9. This Consent Judgment does not prohibit Defendant from using the terms "Family" or "Sleep" descriptively in a sentence in conjunction with future business so long as Defendant is not infringing upon Plaintiff's rights in FAMILY SLEEP and so long as "family" and "sleep" are separated by at least one word. Nothing in this Consent Judgment

Lanham Act claims because the action alleges *inter alia* violations of federal statutes; and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state law claims because they arise out of the same nucleus of operative fact and are so related to the federal cause of action that they form the same case or controversy. Venue is proper in this judicial district at least under 28 U.S.C. § 1391.

2.  Defendant consents to the jurisdiction of this Court to enter and enforce the Order against them, their officers, employees, servants, agents, licensees, attorneys, successors-in-title, affiliates, subsidiaries and assigns, all those in active concert and participation with any of them, and the parties hereby consent to the entry of this Consent Judgment.

3.  The Court hereby directs final judgment in favor of Plaintiff and against Defendant in accordance with the terms herein.

4.  FSS is the owner of the trademark FAMILY SLEEP and the registrations identified in Paragraph 13 of the Complaint (Dkt. 1) and Exhibit 1 (Dkt. 1-1) (the "FAMILY SLEEP MARKS"). More specifically, Plaintiff is the owner of a family of FAMILY SLEEP trademarks including incontestable Federal Trademark Registration No. 3,258,039 for FAMILYSLEEP.COM, Federal Trademark Registration No. 4,333,649 for FAMILYSLEEP, and the Certification Mark under Federal Trademark Registration No. 5,614,632 for "Certified by Family Sleep Institute & Logo" Plaintiff commenced use of FAMILYSLEEP and FAMILYSLEEP.COM in 2000. Plaintiff registered the domain www.familysleep.com on November 11, 2000 and registered the domain www.familysleepinstitute.com on December 7, 2011. Plaintiff is the leader in child sleep consultation and certification and has certified consultants around the globe.

shall be construed as prohibiting Defendant from engaging in future business in the sleep consulting/education business so long as Defendant does not use a mark, website, marketing materials or social media which would infringe on Plaintiff's rights in FAMILY SLEEP.

10. Defendant shall not make any use of FAMILY SLEEP in connection with sleep consulting or educational services and Defendant shall shut down and delete all of its social media and websites under NEW FAMILY SLEEP or any of the same which have used FAMILY SLEEP and Defendant shall remove all of its social media posts, blogs or other marketing content on personal pages related to NEW FAMILY SLEEP within 14 days of the date of this Order and Defendant shall dissolve any entity Defendant was/is associated with that includes FAMILY and SLEEP in the name within the same time period.

11. Defendant shall de-activate newfamilysleep.com within ten (10) days of the date of this Order and shall transfer the domain name, scheduled to renew on March 1, 2022, to Plaintiff within thirty (30) days of the this date of this Order.

12. This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms and provisions of this Consent Judgment.

13. In the event of a violation of this Consent Judgment, Plaintiff shall be entitled to recover its attorney fees, costs and expenses in connection with that matter in addition to any damages and in the event of such a violation, furthermore and in addition to the foregoing recovery, Plaintiff shall be entitled to a minimum of $10,000 in the event of a violation of this Consent Judgment. In the event of a violation of this Consent Judgment,

Plaintiff shall also be entitled to preliminary and permanent injunctive relief without the need to show irreparable harm and it shall be presumed that the injury to Plaintiff outweighs the damage the proposed injunction would cause Defendant and that Plaintiff has suffered an irreparable injury for which monetary damage is insufficient and it shall be Defendant's burden to show a public interest would be hurt. For preliminary injunctive relief it shall be presumed that Plaintiff is likely to prevail on the merits.

14. Upon Defendant's violation of this Consent Judgment, Plaintiff shall provide Defendant notice of the default by email (jaime@horizonhospitality.com; madsamuels@yahoo.com) and Defendant shall have fourteen (14) days from the date the email is sent to cure said default ("Cure Period"). If Defendant fails to cure the default during the Cure Period, Plaintiff shall be entitled to immediately seek the relief outlined in Section 13. Defendant shall be entitled to a single notice of and Cure Period and for any subsequent alleged breaches, Plaintiff shall be entitled to immediately seek relief outlined in Section 13.

15. Defendant represents to Plaintiff and to the Court that Defendant has obtained no revenue from Defendants sleep consulting/education business and the parties represent they have entered into a confidential settlement agreement requiring payment of a confidential settlement amount to Plaintiff as a result of Defendant's actions in this matter.

16. This matter is dismissed with prejudice with the parties to bear their own costs and fees.

17. In any proceeding to enforce the terms of this Order, Defendant agrees to accept service by email at: jaime@horizonhospitality.com with a copy mailed via certified mail to 346 SandPiper Avenue, Royal Palm Beach, Florida 33411 and Defendant shall inform Plaintiff if there are any changes to the email address or physical address.

**IT IS SO ORDERED.**

Dated: May 18, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

# CONSENT

The foregoing Consent Judgment and Permanent Injunction is approved as to form and substance, and the entry thereof without further notice is hereby consented to, and the respective parties have agreed to waive, and do hereby waive, all rights of appeal which they, or any of them, may have from said Consent Judgment and Permanent Injunction.

I have reviewed and executed this document on the date indicated below.

May 13th 2021
Date

_Jaime L. Dolphin_
**Jaime L. Dolphin**

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**STATE OF** Florida : ss.
**COUNTY OF** Palm Beach :

On May 13th, 20 21, before me personally appeared **Jaime L. Dolphin** who is known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_[signature]_
Notary Public Name

Plato Weatherspoon
Notary Public Signature

(Seal)

Notary Public State of Florida
Plato Weatherspoon
My Commission GG 935436
Expires 12/01/2023

Dated: May 13, 2021

Respectfully submitted,

By: _____
Gene S. Winter, Esq. (GW6798)
Jonathan S. Winter, Esq. (JW4345)
St. Onge Steward Johnston & Reens, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
gwinter@ssjr.com

Attorneys for Plaintiff Family Sleep Services, LLC.